UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR CORTES individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CABRILLO CREDIT UNION, and DOES 1 through 5, inclusive,<br><br>Defendant. | Case No.: 20CV2375-GPC(DEB)<br><br>**ORDER DENYING DEFENDANT'S AMENDED MOTION TO COMPEL ARBITRATION**<br><br>**[Dkt. No. 29.]** |

Before the Court is Defendant's amended motion to compel arbitration. (Dkt. No. 29.) Plaintiff filed an opposition and Defendant replied. (Dkt. Nos. 30, 31.) Based on the reasoning below, the Court DENIES Defendant's amended motion to compel arbitration.

**Background**

Plaintiff Cesar Cortes ("Plaintiff" or "Cortes") filed a putative class action complaint against Defendant Cabrillo Credit Union ("Defendant" or "Cabrillo") alleging violations of the Electronic Fund Transfer Act, Regulation E, 12 C.F.R. § 1005 *et seq.* and violation of California's Unfair Competition Law, California Business & Professions Code section 17200. (Dkt. No. 1.) Around October 23, 2017, Plaintiff visited the

Cabrillo Credit Union to obtain an auto loan. (Dkt. No. 30-1, Cortes Decl. ¶ 2.) In order to obtain a loan, Defendant required that an account be opened. (*Id.* ¶ 3.) Cortes opened the required accounts, including a checking account, and signed a membership application. (*Id.*; Dkt. No. 29-1, Davis Am. Decl. ¶ 7; *id.*, Ex. B.) The Truth in Savings Disclosure and Agreement ("Agreement") is a standard form and according to Defendant's practice and policy, it is given to each new member when opening an account and signing a membership application. (Dkt. No. 29-1, Davis Am. Decl. ¶¶ 3, 4; *id.*, Ex. A.) The Agreement contains an arbitration clause stating, "[i]n the event a dispute arises under this Agreement or with respect to the obligation of either party under this Agreement, the issue shall be submitted to binding arbitration under the rules then prevailing of the American Arbitration Association and the judgment upon the aware may be entered and enforced in any court of competent jurisdiction. (Dkt. No. 29-1, Davis Am. Decl., Ex. A at 11.) Plaintiff asserts he was not provided the Agreement and no representative of Defendant discussed the Agreement with him. (Dkt. No. 30-1, Cortes Decl. ¶¶ 4, 5.)

**Discussion**

**A.  Federal Arbitration Act**

Under the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[A] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that . . . arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The United States Supreme Court has stated that there is a federal policy favoring arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983). Federal policy is "simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 476 (1989). Courts are also directed to resolve any "ambiguities

as to the scope of the arbitration clause itself . . . in favor of arbitration." *Id.* 9 U.S.C. § 2 is described as reflecting a "liberal federal policy favoring arbitration" and the "fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 339 (2011) (citations omitted).

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Tech., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 648 (1986); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) ("it is a way to resolve those disputes-but only those disputes-that the parties have agreed to submit to arbitration."). In interpreting an arbitration agreement, the courts must "apply ordinary state-law principles that govern the formation of contracts." *Wolsey, Ltd. v. Foodmaker, In*c., 144 F.3d 1205, 1210 (9th Cir. 1998) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). On a motion to compel arbitration, the court may consider evidence outside the pleadings. *Macias v. Excel Bldg. Servs. LLC*, 767 F. Supp. 2d 1002, 1007 (N.D. Cal. 2011) ("While the Court may not review the merits of the underlying case '[i]n deciding a motion to compel arbitration, [it] may consider the pleadings, documents of uncontested validity, and affidavits submitted by either party.'") (quoting *Ostroff v. Alterra Healthcare Corp*., 433 F. Supp. 2d 538, 540 (E.D. Pa. 2006)).

On a motion to compel arbitration, the court's role is limited to deciding: "(1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). If these conditions are satisfied, the court is without discretion to deny the motion and must compel arbitration. 9 U.S.C. § 4; *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration.").

/ / /

/ / /

**B. Analysis**

Defendant moves to compel arbitration of Plaintiff's individual claims because he agreed to arbitrate all disputes by way of the Truth in Savings Disclosure and Agreement ("Agreement") that is given to all customers when an account is opened. (Dkt. No. 29 at 4-5.[1]) Plaintiff responds that there was no agreement to arbitrate because he was unaware of the Agreement and did not consent to arbitration. (Dkt. No. 30 at 11.)

"[T]he party seeking to compel arbitration[] has the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence." *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014) (citing *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394, 413 (1996)). "It is undisputed that under California law, mutual assent is a required element of contract formation." *Knutson*, 771 F.3d at 565; *see* Cal. Civ. Code, §§ 1550, 1565. Mutual assent may be manifested through "written or spoken words, or by conduct," and acceptance can be implied through action or inaction. *Id.* (citation omitted). The mutual consent necessary to form a contract "is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings." *Deleon v. Verizon Wireless, LLC*, 207 Cal. App. 4th 800, 813 (2012) (citation omitted). "Although mutual consent is a question of fact, whether a certain or undisputed state of facts establishes a contract is a question of law for the court." *Id.* "[A]n offeree, knowing that an offer has been made to him but not knowing all of its terms, may be held to have accepted, by his conduct, whatever terms the offer contains" but "when the offeree does not know that a proposal has been made to him this objective standard does not apply." *Windsor Mills, Inc. v. Collins & Aikman Corp.* 25 Cal. App. 3d 987, 992-93 (1972). "This principle of knowing consent applies with particular force to provisions for arbitration." *Id.* at 993.

---

[1] Page numbers are based on the CM/ECF pagination.

In this case, the parties dispute whether Plaintiff was given the Agreement when he opened his account and whether he assented to the arbitration provision contained in the Agreement. According to Defendant, the Agreement is a standard form given to every customer when they open an account. (Dkt. No. 29-1, Davis Am. Decl. ¶ 3; *id.*, Ex. A.) In 2017, it was Defendant's policy to provide the Agreement to the customer prior to signing the membership application. (*Id.* ¶ 4.) Customers are advised to review the Agreement and inquire with any questions and each new customer agrees to abide by the terms and conditions of the Agreement. (*Id.* ¶¶ 5, 6.) Based on this, Defendant maintains that when Plaintiff signed the membership application, (*id.*, Ex. B), he opened an account and expressly agreed to the terms and conditions of the Agreement. (*Id.* ¶ 7.)

In response, Plaintiff states, to his knowledge, that when he opened his account, no representative of Defendant provided him or discussed with him a document called the "Truth in Savings Disclosure and Agreement." (Dkt. No. 30-1, Cortes Decl. ¶ 4.) The folder of materials he received from the Cabrillo representative who assisted with his loan also did not contain the Agreement. (*Id.* ¶ 5.) Plaintiff states he was unaware that he would be required to arbitrate any claims concerning his account and he did not enter into any agreement with Defendant to arbitrate any legal claims he might have pursuant to his account. (*Id.* ¶ 7.)

While Plaintiff signed the 2017 membership application, it does not contain an arbitration agreement. (Dkt. No. 29-1, Davis Am. Decl., Ex. B.) The membership application also does not incorporate by reference the Agreement which contains the arbitration clause. Besides company practice and policy, Defendant does not provide any evidence that it provided Plaintiff with the Agreement and that he assented to the terms in the Agreement on the day he opened his account. Defendant's representative even testified that there is no documentation that shows Plaintiff actually received the Agreement or that he agreed to be bound by it. (Dkt. No. 30-3, Davis Depo. at 65:15-21; 87:18-88:10.) Therefore, because Defendant has failed to offer evidence that Plaintiff was given the Agreement and assented to the terms in the Agreement, Defendant has

5

failed to demonstrate by a preponderance of the evidence that there was an agreement to arbitrate. *See Knutson*, 771 F.3d at 565. Accordingly, because there was no agreement to arbitrate, the Court DENIES Defendant's motion to compel arbitration.[2]

### Conclusion

Based on the above, the Court DENIES Defendant's motion to compel arbitration. The hearing set on July 2, 2021 shall be **vacated.**

IT IS SO ORDERED.

Dated: June 24, 2021

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] Because the Court denies the motion to compel arbitration because there was no valid arbitration agreement, the Court declines to address Plaintiff's additional arguments that the arbitration clause is unconscionable, that the dispute exceeds the scope of the arbitration clause and that Defendant waived its right to enforce the arbitration clause. *See Doherty v. Barclays Bank Delaware,* Case No.: 16-cv-01131-AJB-NLS, 2017 WL 588446, at *4 n. 8 (S.D. Cal. Feb. 14, 2017) (declining to address the parties' arguments concerning the scope of the Agreement and waiver by conduct because it denied motion to compel arbitration for failing to demonstrate that a valid arbitration agreement existed).