UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR CORTES individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CABRILLO CREDIT UNION, and DOES 1 through 5, inclusive,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 20CV2375-GPC(DEB)<br><br>**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>[Dkt. No. 34.] |

　　　　Before the Court is Plaintiff's amended motion for leave to file a first amended complaint. (Dkt. No. 34.) Defendant filed an opposition and Plaintiff replied. (Dkt. Nos. 37, 38.) Based on the reasoning below, the Court GRANTS Plaintiff's amended motion for leave to file a first amended complaint.

## Background

　　　　Plaintiff Cesar Cortes ("Plaintiff") filed a putative class action complaint against Defendant Cabrillo Credit Union ("Defendant" or "Cabrillo") alleging violations of the Electronic Fund Transfer Act, Regulation E, 12 C.F.R. § 1005 *et seq.* and violation of California's Unfair Competition Law, California Business & Professions Code section 17200 for Defendant's alleged practice of improperly assessing overdraft fees on

1

transactions covered by Regulation E.  (Dkt. No. 1.)  Pursuant to the court's scheduling order, (Dkt. No. 22), Plaintiff filed a motion for leave to file an amended complaint to add an additional Regulation E violation, as well as a claim for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment/restitution and money had and received based on the Membership Application agreement.  (Dkt. No. 34-3, Ex. 1.)  The proposed FAC also seeks to add an additional class constituting a Membership Application Class and amends the Regulation E Class to include those transactions beginning August 2010 until the date the Class is certified.  (*Id.*)

## Discussion

Under Federal Rule of Procedure ("Rule") 15, "[a] party may amend its pleading once as a matter of course . . . only with the opposing party's written consent or the court's leave," and courts "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."),  In assessing the propriety of an amendment, courts consider several factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment.  *Foman*, 371 U.S. at 182; *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).  These factors do not carry equal weight; the possibility of delay alone, for instance, cannot justify denial of leave to amend, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied.  *Bowles v. Reade*, 198 F.2d 752, 758 (9th Cir. 1999).  The single most important factor is whether prejudice would result to the non-movant as a consequence of the amendment.  *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1053 (9th Cir. 1981).  The burden of demonstrating prejudice falls on the party opposing leave to amend.  *DCD Programs, Ltd,*, 833 F.2d at 187.

When determining whether to grant leave to amend, courts must bear in mind that "the underlying purpose of Rule 15 [is] to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*); *see also In re Zoom Video Commc'ns Inc. Priv. Litig.*, 2021 WL 930623, at *5 -- F. Supp. 3d -- (N.D. Cal. Mar. 11, 2021).

### A. Undue Delay and Bad Faith

Plaintiff argues that he timely filed the motion for leave to amend under the Court's scheduling order and did not unduly delay seeking leave to amend as he only recently learned of these new claims and facts after discovery was conducted for purposes of Defendant's motion to compel arbitration. (Dkt. No. 34-1 at 2.) Moreover, the facts underlying these claims were already part of the original complaint so the additional claims would require no additional litigation. (*Id.* at 3-4.) Defendant disagrees and argues that Plaintiff's motion is not timely filed and made in bad faith because he knew of the facts to support the amendment when the original complaint was filed as the original complaint details the alleged improper fees Defendant allegedly charges. (Dkt. No. 37 at 4.) In reply, Plaintiff explains that the breach of contract and unjust enrichment claims were not and could not have been asserted until Cabrillo produced Plaintiff's Membership Application agreement as well as the Truth in Savings Disclosure and Agreement in May 2021. (Dkt. No. 38 at 6.) Further, Plaintiff had no way of understanding Defendant's process concerning these documents as well as understanding the multiple Regulation E violations until he took the deposition of Defendant's employee on May 14, 2021. (*See* Dkt. No. 30-3, Kirk Decl., Ex. 1, Davis Depo.) Therefore, Plaintiff filed a motion for leave to amend on June 14, 2021 shortly after learning of these additional facts. (Dkt. No. 34.)

Undue delay addresses not only whether the motion was filed within the time allotted, but also "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Davis v. Powell*, 901 F. Supp. 2d 1196, 1212 (S.D. Cal. 2012).

Here, without possession of the Membership Application agreement and the Truth in Savings Disclosure and Agreement, Plaintiff could not have known facts to support the breach of contract and related claims.  Therefore, the Court concludes that there was no undue delay or bad faith in seeking leave to amend.  Moreover, the motion is timely under the Court's scheduling order.  Accordingly, there was no undue delay or bad faith in seeking leave to amend.

### B.	Prejudice

Defendant contends it will be unduly prejudiced by an amendment because initial disclosures will have to be re-done and a second Rule 26(f) conference and second ENE conference will need to be held as well as a new scheduling order to address the new class and additional causes of action.  (Dkt. No. 37 at 4.)  Plaintiff asserts that Defendant only produced 107 pages of documents with its initial disclosures and 60 were its insurance agreements that have no relevance to the merits of the case.  (Dkt. No. 38 at 7.)  In addition, Defendant will need to supplement its disclosures because it failed to include a copy of the Regulation opt-in disclosure agreement that is the basis for the Regulation E claims.  (*Id.*)  Plaintiff further claims that the proposed amendment will not shift the nature of the case and will not cause Defendant to incur any significant time or expense in defending the case.

"Prejudice is the touchstone inquiry under Rule 15(a)," and "[a]bsent prejudice, or a strong showing of any of the remaining reasons for denying leave to amend, there exists a presumption under Rule 15(a) in favor of granting a leave to amend." *Breakdown Servs. Ltd. v. Now Casting, Inc.*, 550 F. Supp. 2d 1123, 1132 (C.D. Cal. 2007).  Prejudice may exist where new allegations would have "greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Peterson v. California*, No. 1:10-cv-01132-SMS, 2011 WL 3875622, at *3 (E.D. Cal. Sept. 1, 2011) ("when, after a period of extensive discovery, a party proposes a late-tendered amendment that would fundamentally change the case to incorporate new

causes of action and that would require additional discovery, the amendment may be appropriately denied as prejudicial to the opposing party.").

Here, Defendant has not demonstrated undue prejudice. The new claims and allegations do not alter the nature of the litigation as they all concern the improperly assessed overdraft fees that is the basis of the original complaint. Further, the litigation is in its very early stages. Plaintiff timely filed his motion for leave to amend shortly after receiving discovery documents from Defendant and conducting the deposition of Defendant's employee concerning these documents. *See Fremantlemedia North America, Inc. v. AXA Insurance Company*, Case No. CV 10–03459–RGK (FMOx), 2010 WL 11601204, at *3 (C.D. Cal. Nov. 5, 2010) (granting motion for leave to amend because the case is in its early stages and neither party has conducted discovery, except for initial disclosures"); *McBride v. Jenny Craig, Inc.*, CASE NO. 07CV2382 JLS (AJB), 2010 WL 11508736, at *3 (S.D. Cal. Mar. 29, 2010) ("The initial disclosures, written discovery, and depositions are also not sufficient evidence of prejudice to warrant a denial of Plaintiffs' motion for leave to amend."). Moreover, the fact discovery deadline is November 19, 2021 so Defendant has sufficient time to conduct discovery. (Dkt. No. 22.) Accordingly, Defendant has not demonstrated it would be prejudiced by the filing of an amended complaint.

C. **Futility**

Defendant argues that the proposed FAC is defective on its face because Plaintiff seeks to amend the class period to include an eleven year period; however, none of Plaintiff's causes of action has an eleven-year statute of limitation. (Dkt. No. 37 at 4.) Moreover, the unjust enrichment/restitution claim is not an independent cause of action but a remedy. (*Id.* at 5.) Plaintiff responds that the statute of limitations issue is more appropriately addressed through substantive motion practice and he claims he may plead unjust enrichment/restitution as an alternative to a breach of contract claim. (Dkt. No. 38 at 8.)

1   "[A] proposed amendment is futile only if no set of facts can be proved under the
2   amendment to the pleading that would constitute a valid and sufficient claim or defense."
3   *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988.)  Courts generally do not
4   consider the validity of a proposed amended pleading in deciding whether to grant leave
5   to amend, instead deferring consideration of challenges to the merits after leave to amend
6   is granted and the amended pleadings are filed.  *SAEs Getters S.p.A. v. Aeronex, Inc.*, 219
7   F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("While courts will determine the legal
8   sufficiency of a proposed amendment using the same standard as applied on a Rule
9   12(b)(6) motion . . . such issues are often more appropriately raised in a motion to
10  dismiss rather than in an opposition to a motion for leave to amend."); *Netbula, LLC v.
11  Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) (citation omitted); *Clarke v. Upton*,
12  703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) ("However, denial [of a motion to amend]
13  on this ground is rare and courts generally defer considerations of challenges to the merits
14  of a proposed amended pleading until after leave to amend is granted and the amended
15  pleading is filed.").

16  While the Court questions the class period of eleven years, Defendant may raise
17  that issue on a motion to dismiss.  Otherwise, Defendant does not challenge the merits of
18  the claims underlying the Regulation E claims.  In addition, a breach of contract claim
19  and unjust enrichment/restitution claim may be brought in the alternative.  *See Parino v.
20  BidRack, Inc.*, No. CV 11–3149 WHA, 2011 WL 4479462, at *6 (N.D. Cal. Sept.26,
21  2011) ("plaintiff has sufficiently stated a claim for unjust enrichment in the alternative to
22  her breach-of-contract claim.").  Therefore, the Court concludes that granting leave to
23  amend will not be futile.

24  Overall, the *Foman* factors weigh in favor of permitting Plaintiff to amend his
25  complaint.  Given the strong federal policy favoring amendments due to a preference for
26  resolving cases on the merits, *DCD Programs, Ltd.*, 833 F.2d at 186, the Court GRANTS
27  Plaintiff's amended motion for leave to file an amended complaint.
28  / / /

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's amended motion for leave to file an amended complaint. Plaintiff shall file an amended complaint within five (5) days of the Court's order. The hearing date on August 6, 2021 shall be **vacated**.

IT IS SO ORDERED.

Dated:  July 29, 2021

Hon. Gonzalo P. Curiel
United States District Judge